UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINA A. SPENCER,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant*. | Civil Action No. 18-572 (TJK) (ZMF) |

## MEMORANDUM OPINION

Regina Spencer applied for Supplemental Security Income and Disability Insurance Benefits in 2014. After the Social Security Commissioner denied her application, she requested a hearing before an Administrative Law Judge, who agreed that Spencer was not disabled. Spencer sought administrative review of that decision, which was denied. Spencer now seeks judicial review of the Commissioner's decision. Magistrate Judge Zia M. Faruqui recommended granting the Commissioner's motion to affirm its decision and denying Spencer's motion to reverse. Spencer timely objected. Upon consideration of the entire record, the Report and Recommendation, Spencer's objection, and the Commissioner's response, the Court will adopt the Report and Recommendation, grant the Commissioner's motion for judgment of affirmance, and deny Spencer's motion for judgment of reversal.

**I.     Background**

Regina Spencer applied for disability, disability insurance benefits, and supplemental security income in July 2014.[1] AR 10. Spencer alleged that she became disabled in late May

---

[1] Neither party objected to the Magistrate Judge's findings of fact. The Court therefore adopts them in full. *See Troy v. Colvin*, 266 F. Supp. 3d 288, 293 (D.D.C. 2017) ("A district judge is

2014.  *Id.*  In August 2014, the Social Security Administration (SSA) denied her application.  AR 71.  Spencer sought reconsideration by the SSA, which denied her application again in January 2015.  AR 91.  Spencer then requested a hearing before an Administrative Law Judge (ALJ).  AR 119–21.  An ALJ held a hearing and heard testimony from Spencer and a vocational expert in December 2016.  AR 29–63.  The ALJ denied Spencer's application in May 2017.  AR 10–22.

An ALJ employs a five-step analysis, under 20 C.F.R. § 416.920(a)(4) (2020), to determine whether a claimant's impairments cause a disability that entitles her to benefits and supplemental security income.  *See* AR 11; *see also* 20 C.F.R. § 416.920(a)(4).  The claimant bears the burden of proof for steps one through four and the SSA bears the burden of proof for step five.  *See Butler v. Barnhart*, 353 F.3d 992, 997 (D.C. Cir. 2004).  A claimant is disabled if all five steps are met.  *See* AR 11; *see also* 20 C.F.R. § 416.920(a)(4).

At the first step, the ALJ determines whether a claimant is engaging in substantial gainful work activity during the review process.  *See* §§ 416.920(a)(4)(i), 404.1571 *et seq.*, 416.971 *et seq.*; AR 11–12.  If the claimant is, she is not disabled.  *See id.*  At the second step, the ALJ evaluates whether a claimant's alleged disability is severe enough to prevent her from performing basic work needed for employment.  *See* §§ 416.920(a)(4)(ii), 416.909; AR 12–13.  If it is not, the claimant is not disabled.  *See id.*  At the third step, the ALJ determines whether a claimant's impairment matches or is medically equivalent to a disability listed in 20 C.F.R. Part 404, Appendix 1 to Subpart P.[2]  *See* § 416.920(a)(4)(iii); AR 12–13.  If it does not, the claimant

---

not required . . . to review those po[r]tions of a magistrate judge's report to which no objection is made.").

[2] The SSA has since revised 20 C.F.R. § 404, App'x 1 to Subpart P.  It no longer includes the provisions under which ALJ Robinson made her determination in step three.  According to the update's corresponding Federal Register section, the SSA "expect[s] that Federal courts will

2

is not disabled. *See id.* At step four, an ALJ must determine a claimant's residual functional capacity to consider whether the claimant can perform work the claimant had performed in the past. *See* § 416.920(a)(4)(iv); AR 12–13, 20. If a claimant can still perform past work, she is not disabled. *See id.* Finally, the fifth step in the analysis requires the ALJ to decide whether a claimant could perform her past work or any other work in the national economy given her residual functional capacity, age, education, and work experience. *See* § 416.920(a)(4)(v); AR 13, 20. If a claimant can perform past or other work, she is not disabled. *See id.*

At the first step, the ALJ concluded that Spencer had not "engaged in substantial gainful activity since May 20, 2014." AR 12. The ALJ also found for Spencer at the second step, holding that she had multiple severe impairments significantly limiting her ability to perform basic work activities. AR 12–13. At the third step, the ALJ determined that Spencer did not have an impairment or combination of impairments that met or equaled the severity of an impairment listed at 20 C.F.R. § 404, Subpart P, Appendix 1. AR 13. During the fourth step, the ALJ found that Spencer had the "residual functional capacity to perform light work," noting that "she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and push or pull with the bilateral lower extremities, and she can never climb ladders, ropes, or scaffolds." AR 14. In making that determination, the ALJ found that Spencer had an underlying physical or mental impairment that could reasonably be expected to produce Spencer's pain or other symptoms. AR 15. But the ALJ held that Spencer's claims about the intensity, persistence, and

---

review [its] final decisions using the rules that were in effect at the time [it] issued the decisions." 85 Fed. Reg. 78,164, n.2 (Dec. 3, 2020) (to be codified at 20 C.F.R. pt. 404). Thus, the Court will review ALJ Robinson's decision using the version of the C.F.R. in place at that time. *See Morgan ex rel. Morgan v. Barnhart*, 2004 WL 254577, at *4 (D.D.C. Feb. 4, 2004) (citing the Federal Register as authority for determining which version of the C.F.R. district courts should consider when reviewing SSA decisions).

limiting effects of the symptoms were not entirely consistent with the evidence in the record. *Id.* Finally, at the fifth step, the ALJ found that Spencer was able to perform her past work as a phlebotomist, blood donor unit assistant, and receptionist. AR 20. Spencer could also perform other work such as that of a cashier, routing clerk, or merchandise marker. AR 21. Accordingly, the ALJ held that Spencer was not disabled. AR 21–22. Spencer appealed to the Appeals Council, but it denied her request for review.[3] AR 1–5.

Spencer sued March 2018 and filed a motion for judgment of reversal. Defendant moved to affirm the SSA's judgment. The Court referred the case to Magistrate Judge Robin M. Meriweather in May 2018. In September 2020, the case was reassigned to Magistrate Judge Zia M. Faruqui. Judge Faruqui issued a Report & Recommendation, ECF No. 16 ("R&R"), in October 2020 and recommended that the Court deny Spencer's Motion for Judgment of Reversal and grant the Commissioner's Motion for Judgment of Affirmance. Spencer timely objected to the R&R and the Commissioner responded.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 72(b), when a magistrate judge enters his recommended disposition, a party may file specific written objections. The district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see, e.g.*, *Winston & Strawn LLP v. FDIC*, 841 F. Supp. 2d 225,

---

[3] If a claimant "is dissatisfied with the hearing decision . . ., [she] may request that the Appeals Council review that action." *See* 20 C.F.R. § 404.967. The Appeals Council may deny a claimant's request for review. *See* § 404.981. The Appeals Council will only review a case if: "(1) [t]here appears to be an abuse of discretion by the [ALJ]; (2) [t]here is an error of law; (3) [t]he action, findings or conclusions of the [ALJ] are not supported by substantial evidence; (4) [t]here is a broad policy or procedural issue that may affect the public interest; or (5) . . . the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision . . . ." *See* § 404.970(a).

228 (D.D.C. 2012). The district court may then "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); LCvR 72.3(b)–(c). When objecting to a report and recommendation, "the parties may not present new issues or arguments to the district judge; rather, only those issues that the parties have raised in their objections to the Magistrate Judge's report will be reviewed by this court." *M.O. v. District of Columbia.*, 20 F. Supp. 3d 31, 37 (D.D.C. 2013) (internal quotation marks and citations omitted).

In suits challenging the SSA's final decision, *see* 42 U.S.C. § 405(g), it is not the Court's role to determine whether the plaintiff is disabled, but whether the decision "is based on substantial evidence in the record and correctly applies the relevant legal standards." *Butler*, 353 F.3d at 999. This review is "highly deferential to the agency fact-finder." *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008). If the ALJ's finding "is based on substantial evidence and a correct application of the law," a reviewing court must affirm the decision. *Butler*, 353 F.3d at 999.

The substantial evidence standard "requires more than a scintilla [of evidence], but can be satisfied by something less than a preponderance of the evidence." *Id.* (citation and quotation marks omitted). The record must show "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To reverse an ALJ's decision, Spencer must show that substantial evidence does not support the ALJ's ruling. *Crawford v.*

5

*Barnhart*, 556 F. Supp. 2d 49, 51 (D.D.C. 2008); *McCraw v. Berryhill*, No. 17-1011 (RC), 2019 WL 4222703, at *3 (D.D.C. Sept. 5, 2019).

**III. Analysis**

Spencer raises two objections to the R&R and the ALJ's denial of benefits. First, Spencer argues that the ALJ erred in her analysis by giving too little weight to Dr. Rankin's August 2014 and March 2016 opinions when determining Spencer's residual functional capacity. Second, Spencer argues that the ALJ failed to properly determine whether her impairment met or equaled listing 1.02(A). The Court agrees with Magistrate Judge Faruqui that neither argument carries the day.

**A.   The ALJ Did Not Err in Discounting Dr. Rankin's August 2014 and March 2016 Opinions**

The ALJ did not err in giving "little weight" to Dr. Rankin's August 2014 opinion and "partial weight" to Dr. Rankin's March 2016 opinion. AR 19. Opinions of treating physicians "are entitled to 'controlling weight' if they are not inconsistent with other substantial record evidence and are well-supported by medically acceptable clinical and laboratory diagnostic techniques." *Butler*, 353 F.3d at 1003 (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)). This is so because treating physicians have greater familiarity with their patients. *See Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987) (adopting the treating physician rule). Thus, an ALJ who rejects a treating physician's opinion must explain her reasons for doing so. *Butler*, 353 F.3d at 1003 (citing *Williams v. Shalala* 997 F.2d 1494, 1498 (D.C. Cir. 1993)). One reason to reject a treating physician's opinion is because there is substantial evidence in the record contradicting that opinion. *Williams*, 997 F.2d at 1498–99. Here, Magistrate Judge Faruqui found that substantial evidence supported the ALJ's conclusion that Dr. Rankin's August 2014

6

and March 2016 opinions conflicted with other evidence in the record. R&R at 10–12. The Court agrees.

The ALJ discounted Dr. Rankin's 2014 opinion because it "was provided just one month after the claimant's left knee surgery, and subsequent examinations generally showed full strength, reflexes and sensation." AR 19. An ALJ may discount a treating physician's opinion when that physician's treatment notes contradict the discounted opinion. *See Williams*, 997 F.2d at 1498–99 (ALJ did not violate treating physician rule where the physicians "own earlier evaluations" contradicted his opinion); *Turner v. Astrue*, 710 F. Supp. 2d 95, 106 (D.D.C. 2010) ("ALJ satisfied his burden to produce substantial evidence contradicting [treating physician's] opinions by drawing on the physician's own treatment notes and the opinions of other doctors."). Though the 2014 opinion suggested that Spencer suffered from mild swelling, trace effusion, limited range of motion in her knee, mild medial joint line tenderness, and patella tenderness, *see* AR 15, Dr. Rankin's progress notes over the next year-and-a-half reflected that Spencer was recovering well from her surgery and regaining full use of her left knee. *See* Oct. 14, 2014 notes, AR 790–91 (full strength, stability, range of motion); Nov. 6. 2014 notes, AR at 443–45 (full strength, sensation, range of motion); Nov. 24, 2014, AR 784–86 (same); July 23, 2015, AR 781–83 (same); August 6, 2015, AR 778–80 (same); Jan. 4, 2016, AR 771–72 (full strength, stability, range of motion, sensation, and normal gait). Because the ALJ identified Dr. Rankin's progress notes as substantial evidence contradicting his 2014 opinion, she did not err in discounting it on that basis.

The ALJ also discounted Dr. Rankin's March 2016 medical assessment describing Spencer's work limitations because his progress notes, including his March 2016 notes, contradicted that assessment. This too was not error. The ALJ gave the assessment "partial

weight" because, apart from the lower extremity limitations the assessment identified, the assessment's conclusions were "not supported by the longitudinal record, including [Dr. Rankin's] own treatment notes generally showing normal strength, sensation, and reflexes." AR 19. For example, Dr. Rankin's progress notes from that same date contradicted the assessment because they reflected that Spencer's right knee had normal alignment, medial joint line tenderness, full range of motion, full strength, and stable ligaments. AR 769. The notes also showed that Spencer's left leg had no calf tenderness, no specific pain of the joint lines, mild peripatellar tenderness, full range of motion, full strength, and stable ligaments. *Id.* And as the ALJ noted, Dr. Rankin's other treatment notes generally showed normal strength, sensation, and reflexes. AR 19; R&R at 10–11. Again, because the ALJ identified substantial contradictory evidence in the record, she did not err by giving the March 2016 assessment partial weight in her analysis.

### B. The ALJ Did Not Err in Determining that Spencer's Alleged Major Dysfunction Did Not Meet or Medically Equal Listing 1.02(A)

Spencer also objects to the ALJ's determination that her "knee disorder [did] not meet or equal the requirements of listing 1.02[4] in that there is no evidence of an inability to ambulate effectively, as defined in the listing." ECF No. 17 at 6. She argues that the ALJ did not sufficiently support her finding and failed to consider her prescriptions for a cane and a walker and her use of a walker at her administrative hearing. *Id.* at 7. Magistrate Judge Faruqui found that the ALJ considered Spencer's use of assistive devices and properly supported her determination that Spencer's use of a walker was not medically necessary. R&R at 14.

---

[4] 20 C.F.R. § 404, App'x 1 to Subpart P, § 1.02. As noted above, this section has been updated since the date of the ALJ's decision. *See* 85 Fed. Reg. 78,164 (describing changes to take effect on April 2, 2021).

Magistrate Judge Faruqui also found that the ALJ's analysis of Spencer's knee disorder throughout the decision properly supported her conclusion that Spencer did not require an ambulatory device. *Id*.

Spencer has the burden to show that her impairments meet or are medically equal to a listed disability during this third step of the disability determination. *See Butler*, 353 F.3d at 997. At issue is whether she presented sufficient evidence to show that she is unable to "ambulate effectively" because of her knee impairments. "Ineffective ambulation" entails "an extreme limitation of the ability to walk," which "is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. § 404, Appendix 1 to Subpart P, § 1.00(B)(2)(b)(1). To ambulate effectively:

> [I]ndividuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. § 404, App'x 1 to Subpart P, § 1.00(B)(2)(b)(2). The ALJ based her determination on the entire record, including the opinions of the State Disability Determination Services (DDS) physicians who reviewed Spencer's records. AR 13. Those physicians concluded that Spencer's impairments did not meet or equal the requirements of any section of Appendix 1. *Id.* And the

9

ALJ noted that "[n]o treating or examining physician has identified medical signs or findings that meet or medically equal the requirements of any section of Appendix 1." *Id.*

The Court agrees that the ALJ did not err in finding that Spencer's impairments do not satisfy Listing 1.02. The ALJ appropriately relied on the opinions of DDS physicians who concluded that the record contained no evidence that Spencer's impairments led to ineffective ambulation. AR 13; *see Carnett v. Colvin*, 82 F. Supp. 3d 1, 14 (D.D.C. 2015) (affirming an ALJ's decision that relied on the opinion of DDS physicians who reviewed the evidence and determined that the plaintiff's impairments did not meet disability criteria). And the other medical records the ALJ considered, including, for example, Dr. Rankin's treatment notes reflecting a normal gait, supported her conclusion that Spencer did not require two canes, two crutches, or a walker to ambulate. R&R at 14. Given this record, Spencer has not shown that the ALJ erred in concluding that she had not met her burden to demonstrate that her impairment does not meet or medically equal the requirements of Listing 1.02.

## IV. Conclusion

For the reasons set forth above, the Court will, in a separate Order, adopt Magistrate Judge Faruqui's Report and Recommendation, ECF No. 16, grant the Commissioner's Motion for Judgment of Affirmance, ECF No. 13, and deny Spencer's Motion for Judgment of Reversal, ECF No. 11.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 7, 2021